IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:14CV319-GCM
(3:94CR147-GCM-2)

| | |
|---|---|
| TOM AARON TATE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate.

**I.    BACKGROUND**

On November 16, 1995, Petitioner Tom Aaron Tate was convicted in this Court of conspiracy to obstruct, delay, and affect commerce by robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951(a) and 2; possession of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). On May 5, 1995, this Court sentenced Petitioner to a total term of 968 months of imprisonment. On August 31, 1998, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction in an unpublished opinion. United States v. Tate, 163 F.3d 600 (4th Cir. 1998).

On September 15, 1999, Petitioner filed a Section 2255 motion to vacate, which this Court denied with prejudice on the merits on February 10, 2001. (Id., Doc. Nos. 108; 113: Civil No.

3:99cv384). On May 25, 2001, the Fourth Circuit Court of Appeals affirmed the denial of Petitioner's Section 2255 motion to vacate. (Id., Doc. No. 114). On November 14, 2011, the Fourth Circuit Court of Appeals denied Petitioner's application for authorization to file a successive Section 2255 petition. (Id., Doc. No. 137). Petitioner placed the instant Section 2255 petition in the prison system for mailing on June 12, 2014, and it was stamp-filed in this Court on June 17, 2014. In his motion to vacate, Petitioner seeks relief under <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner filed the instant Motion to Vacate on June 17, 2014, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:94CR147-GCM-2. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on September 15, 1999. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:94CR147-GCM-2.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus,

Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Indeed, as noted, on November 14, 2011, the Fourth Circuit Court of Appeals expressly denied Petitioner's application for authorization to file a successive Section 2255 petition. Accordingly, this successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file the motion.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of

the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: June 25, 2014

Graham C. Mullen
United States District Judge